UNITED STATES DISTRICT COURT
for the
Western District of Virginia

CLERK'S OFFICE U.S. DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED

SEP 1 2 2023

LAURA A. AUSTIN, CLERK
BY: /s/
       DEPUTY CLERK

Ebony Cosby, Beneficiary of the Ebony Robin Cosby Living Trust
   **Plaintiff**

V.

Charlottesville Utilities, Chris Cullinan, Richard Pulambo
   **Defendants**

Civil Action No. 3:23cv00045

## COMPLAINT COMPLAINT FOR BREACH OF CONTRACT, VIOLATION OF FIDUCIARY DUTIES, AND DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW

### NATURE OF THE ACTION
1. This is a civil action seeking declaratory relief and redress for violations of commercial rights under the Uniform Commercial Code (UCC), unjust enrichment. Tortious, interference with contractual relations. and infringements upon constitutional rights protected by the Fourth and Fifth Amendments to the United States Constitution

### JURISDICTION AND VENUE
2. This Court maintains subject matter jurisdiction under 28 U.S.C. § 1331, given that this action arises under the Constitution, laws, or treaties of the United States.
3. Venue Venue rightly resides in this district under 28 U.S.C. § 1391, considering the salient events precipitating this claim unfolded within its jurisdiction,

### PARTIES
4. The Plaintiff. Ebony Cosby. is the grantor and beneficiary of the Ebony Robin Cosby Living Trust

5. The Defendant. Charlottesville Utilities. is a corporation conducting business in the state of Virginia

6. The Defendants Chris Cullinan is the Director of Finance for Charlottesville Utilities and resides in Charlottesville Virginia, Richard Pulambo is the Billing Manager and resides in Charlottesville, Virginia

**FACTUAL BACKGROUND**

7. On March 17, 2023, the Plaintiff Plaintiff entrusted assets from the Ebony Robin Cosby Living Trust to Chris Cullinan, in his capacity as assignee for specified administrative purposes. Defendant received property by via Express Mail.

8. This assignment carried inherent fiduciary obligations, circumscribed by the terms of the agreement, which mandated transparent management, timely disclosure, and the potential return of said assets (the "trust res").

9. A full 130 days subsequent to the assignment, Defendants have demonstrated an unambiguous disregard for their obligations, neglecting to furnish any pertinent information, communicate in good faith, or return the trust res to the Plaintiff, thus triggering the grievance at bar. This situation now creates a constructive trust and the defendant as a fiduciary agrees to be governed by the laws of the Ebony Robin Cosby living Trust and accept all fees and violations for damages of the trust res pursuant to the Fee Schedule of Ebony Robin Cosby Living Trust.

**COUNT I: BREACH OF CONTRACT (Against All Defendants)**

10. Plaintiff reincorporates all preceding paragraphs by reference.

11. A binding contractual agreement, the contours of which were sculpted by the intentions of the parties, obligated Defendants to judiciously manage, disclose, and return the trust res to Plaintiff

12. Defendants, in an overt act of renunciation, have violated this covenant, as evidenced by their dilatory conduct and evasion of fiduciary responsibility. (See Morin v. Trupin, 711 F. Supp. 97, 111 (S.D.N.Y. 1989), where courts have found breaches when parties neglect clearly stipulated duties).

## COUNT II: DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW

13. Plaintiff reincorporates all preceding paragraphs by reference.

14. The U.S. Constitution, through its Fifth Amendment, enshrines the principle that no person shall face deprivation of "life, liberty, or property, without due process of law."

15. The Defendant's capricious retention and mismanagement of the trust res, and lawful justification or adequate communication, squarely contravenes this constitutional squarely contravenes this constitutional mandate. (See Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982), reinforcing the significance of procedural safeguards under the Due Process Clause).

## COUNT III: BREACH OF FIDUCIARY DUTY (Against All Defendants)

16. Plaintiff reincorporates all preceding paragraphs by reference.

17. The Defendants, by virtue of the trust reposed in them by Plaintiff, owed an unwavering duty of care, loyalty, and good faith - a mandate consecrated in centuries of jurisprudence (See Meinhard v. Salmon, 249 N.Y. 458, 464 (1928), where Justice Cardozo enunciated the heightened duties borne by fiduciaries).

18. Their continued retention of the trust res, coupled with their opacity, evinces a clear dereliction of these duties, warranting redress.

**PRAYER FOR RELIEF WHEREFORE, Plaintiff respectfully entreats this Court to:**

　　a) Award compensatory damages commensurate with the grievance suffered;
　　b) Levy interest on said damages from the date of harm;

1. Deprivation    $25,000.00
2. Discrimination $250,000.00
3. Unlawful seizure of property $250,000.00
4. Deprived of property without due process of law $250,000.00
5. Property Rights (civil) $250,000.00
6. Failure to respond as outlined in "notices" $250,000.00
7. Default by non response or incomplete response $1,000,000.00

8. Dishonor in commerce $1,000,000.00
9. Any breach of the contract $1,000,000.00

   c) Grant an injunction compelling Defendants to return the trust res posthaste.
   d) Bestow any additional relief as this Court deems just, proper, and equitable

**DEMAND FOR JURY TRIAL**
**Each of these exhibits, which are attached hereto, is integral in demonstrating the Defendant's obligations, rights, and potential breaches as they relate to the property and assets of the Ebony Robin Cosby Living Trust.**

I declare under penalty and perjury under the laws of United States of America that the foregoing is true and correct to the best of my knowledge. 28 usc 1746

**JUDGMENT ORDER**

Upon due consideration of the pleadings, evidence, and arguments presented, and the Court finding in favor of the Plaintiff, Ebony Robin Cosby, for the reasons set forth in the accompanying opinion,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Judgment is entered in favor of the Plaintiff, Ebony Robin Cosby, and against the Defendants, Chris Cullinan, Richard Pulambo, Charlottesville Utilities Billing in the amount of [Total Amount, e.g., "$5,025,000.00"], which encompasses all damages, interests, costs, and fees as previously delineated in the Court's findings.

2. Defendants is further compelled to immediately return the trust res pertaining to the Ebony Robin Cosby Living Trust, with the exception of the original account agreement.

3. Defendants is enjoined from any further actions or omissions that would breach the stipulations of the Ebony Robin Cosby Living Trust, as specified.

4. This judgment shall accrue interest at the federal rate from the date of this judgment until paid in full.

5. Any Any and all pending motions not previously ruled on are hereby DENIED AS MOOT.

**IT IS SO ORDERED.**