UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| EBONY COSBY, <br><br> *Plaintiff,* <br> v. <br><br> CHARLOTTESVILLE UTILITIES, *et al.*, <br><br> *Defendants.* | CASE NO. 3:23-cv-00045 <br><br> MEMORANDUM OPINION AND ORDER <br><br> JUDGE NORMAN K. MOON |

  Plaintiff Ebony Cosby commenced this action against Charlottesville Utilities and two of its employees, by filing a *pro se* complaint as well as an application to proceed *in forma pauperis*. Dkts. 1, 2. From the allegations in the Complaint and the attached exhibits, it appears that without Defendant's agreement, Plaintiff mailed a document to Defendant that purported to assign trust assets to Defendant; Plaintiff uses this situation as basis for an argument that Defendant became a trust fiduciary. Plaintiff now alleges claims for breach of contract, deprivation of property without due process of law, and breach of fiduciary duty. The Court will grant the application to proceed *in forma pauperis* but dismiss the complaint.

  The complaint fails to state a plausible claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B) (applicable to *in forma pauperis* proceedings); *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006) (stating that 28 U.S.C. § 1915(e) governs *in forma pauperis* filings, as well as complaints filed by prisoners, and permits district courts to, on their own motion, dismiss *in forma pauperis* complaints that are frivolous, malicious, or fail to state a claim). To state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), accepting all well

pleaded factual allegations in the complaint as true and taking all reasonable inference in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). A court need not accept as true "legal conclusions, elements of a cause of action, … bare assertions devoid of further factual enhancement, … unwarranted inferences, unreasonable conclusions, or arguments." *Richardson v. Shapiro*, 751 F. App'x 346, 348 (4th Cir. 2018) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted)). Courts are to construe the filings of *pro se* litigants liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1970), but nonetheless, a *pro se* complaint must state a plausible claim to relief, *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff alleges that she assigned assets of a trust of which she is both beneficiary and trustee to Charlottesville Utilities. Dkts. 2 ¶¶ 4, 7; Dkt. 2-1 at 4–5. Plaintiff mailed a document purporting to make the assignment to one of the Defendant employees of Charlottesville Utilities. Dkt. 2 ¶ 7. Plaintiff alleges that Defendants have failed to return the assets and that her assignment created "inherent fiduciary duties" that Defendants have neglected. *Id.* ¶ 8. Plaintiff alleges that Defendants violated her Fourth and Fifth Amendment rights. *Id.* ¶¶ 1, 14. Having given the Complaint the liberal reading that is appropriate for a *pro se* filing, the Court cannot discern that the Defendant, a municipal utilities authority, took any action remotely close to violating the search, seizure, and warrant-issuance protections of the Fourth Amendment. U.S. Const. amend. IV. Plaintiffs' claims for unconstitutional deprivation of property in violation of the Fourteenth Amendment[1] fare no better. At most Plaintiff alleges that she had something

---

[1] The Complaint refers to violation of Fifth Amendment rights. The Fifth Amendment applies only to the federal government. In the spirit of liberal reading of *pro se* complaints, the court will evaluate Plaintiff's allegations under the Fourteenth Amendment, which applies to states and their political subdivisions. U.S. Const. amend. XIV § 1.

2

which is now in possession of Defendant, but she fails to allege that Defendant took any action other than to receive a piece of mail. Dkt. 2 ¶¶ 7–9. Nor does Plaintiff allege any facts which indicate that she was in fact deprived of any benefit related to the material which she sent to Defendant. For these reasons, the Court finds that Plaintiff has not reached the threshold of making "a plausible claim for relief[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiff's claims for breach of contract and breach of fiduciary duty are likewise deficient. "A party's silence … is insufficient to show its intention to be bound by the terms of a contract." *Phillips v. Mazyck*, 643 S.E.2d 172, 176 (Va. 2007) (citing *Wells v. Weston,* 326 S.E.2d 672, 676 (Va. 1985)). Plaintiff nowhere alleges that Defendants manifested any actual intent to enter a contract, accept the alleged assignment, or adopt a fiduciary role. And again, the Complaint contains no facts that would support a finding that Plaintiff has suffered any damages from Defendants' failure to return the document which she mailed to them.

For these reasons, the Court will **GRANT** Plaintiff's motion to proceed *in forma pauperis*, Dkt. 1, but **dismiss** Plaintiff's complaint, Dkt. 2, for failure to state a claim.

It is so **ORDERED**.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and Order to the parties.

Entered this 18th day of October, 2023.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE